**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARL GARDNER,

    Plaintiff,                                     Civil No. 2:06-CV-11572-DT
                                                HONORABLE LAWRENCE P. ZATKOFF
v.                                              UNITED STATES DISTRICT JUDGE

EARL WILLIAMS,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The Court has before it Plaintiff Earl Gardner's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Riverside Correctional Facility in Ionia, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for being frivolous, malicious, and for failing to state a claim upon which relief can be granted.

### I. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

## II. Complaint

Plaintiff's complaint is rambling, incoherent, and only partially legible. Plaintiff claims that he is a gambler who has made a great deal of money playing cards, betting on horses, and playing the lottery. Plaintiff appears to ask this Court to restore him to the lifestyle to which he was accustomed. Plaintiff makes no factual allegations against the defendant, other than to identify him as a "Baby Sun 17 children" and to indicate that he is being sued in both his personal and official capacity.

## III. Discussion

Plaintiff's complaint consists of little more than unintelligible ramblings from which this Court is unable to divine any viable claim. As such, the complaint is subject to dismissal for being frivolous. *See e.g. Triplett v. Triplett,* 166 Fed. Appx. 338, 339-40 (10th Cir. 2006). Although a *pro se* complaint should be liberally construed, this does not mandate this Court to sustain a *pro se* complaint which is incoherent, rambling, and unreadable. *See Barsella v. United States,* 135 F.R.D. 64, 66 (S.D.N.Y. 1991).

## IV. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as being frivolous, malicious, and for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v.*

*United States*, 369 U.S. 438, 445 (1962); *Davis v. Michigan Department of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990).

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: June 2, 2006

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 2, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290